# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Clark Capital Management Group, Inc.,   :
                                       :
               Plaintiff,   :
                                       :    Civil Action No.: _____
                  v.               :
                                       :
Avior Wealth Management, LLC        :    **JURY TRIAL DEMANDED**
                                       :
              Defendant.  :

## COMPLAINT

Plaintiff, Clark Capital Management Group, Inc. ("Clark Capital" or "Plaintiff"), by and through its undersigned attorneys, bring this Complaint against Defendant, Avior Wealth Management, LLC ("Avior Wealth" or "Defendant"), and alleges as follows:

## INTRODUCTION

1.    This is an action for: (i) Trademark Infringement under the Lanham Act; and (ii) Unfair Competition, False Designation of Origin and False Association under the Lanham Act.

2.    Clark Capital is an independent asset management firm that provides financial counseling and planning services.

3.    Clark Capital uses and has used the term "NAVIGATOR®", as well as variations thereof, in connection with its financial counseling and planning services

since at least as early as March 10, 1987, and Clark Capital owns numerous U.S. trademark registrations comprising of or incorporating "NAVIGATOR®" with those services (collectively, the "NAVIGATOR® Marks").

4.    Avior Wealth is a competitor of Clark Capital that provides financial counseling and planning services identical to those that Clark Capital provides.

5.    Avior Wealth has recently adopted and used, and/or intends on adopting and using the terms THE AVIOR NAVIGATOR and AVIOR WEALTH NAVIGATOR (the "Infringing NAVIGATOR Marks") in connection with the same financial counseling and planning services that Clark Capital provides in connection with the NAVIGATOR® Marks, infringing upon and negatively impacting Clark Capital's longstanding and incontestable rights in and to the NAVIGATOR® Marks.

6.    Clark Capital now seeks injunctive relief, compensatory damages, willful damages, statutory damages, attorneys' fees, and costs against Defendant for trademark infringement, unfair competition, and false designation of origin.

## PARTIES

7.    Plaintiff, Clark Capital Management Group, Inc., is a Pennsylvania corporation with a principal place of business located in Philadelphia, PA.

8.    Defendant, Avior Wealth Management, LLC is a Nebraska limited liability company with an office in this District located at 1535 The Greens Way, Jacksonville Beach, Florida 32250.

2

## JURISDICTION AND VENUE

9.      This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq., and common law.  As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

10.     This Court has personal jurisdiction over Avior Wealth pursuant to Fla. Stat. §§ 48.193(1)(a)(1) because the causes of action arise from Defendant's operating, conducting, engaging in, and carrying on a business in Florida.  Indeed, Avior Wealth conducts business in Florida as it has a presence and operates an office in Florida, located at 1535 The Greens Way, Jacksonville Beach, Florida 32250. Additionally, Avior Wealth possesses and maintains a license to do business in Florida, which it has possessed since August 2, 2013.  Furthermore, Avior Wealth specifically and directly targets, advertises, solicits and provides services to Florida residents in the State of Florida.

11.     This Court also has personal jurisdiction over Avior Wealth pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because Avior Wealth purposefully directed its tortious activities toward Florida and toward residents of Florida, and committed tortious acts within Florida.  Indeed, Avior Wealth intentionally and purposefully solicited Florida residents, including residents in this District, using the Infringing NAVIGATOR Marks.

3

12.     This Court has personal jurisdiction over Avior Wealth pursuant to Fla. Stat. §§ 48.193(2) as it engages in "substantial and not isolated" activity within Florida and it has continuous and systematic business contact with the State.  Upon information and belief, Avior Wealth does substantial business in this district, and it regularly solicits business from, does business with, and derives significant revenue from, services provided to customers in this district.

13.     This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the relevant events, including Defendant's tortious actions, particularly its trademark infringement, unfair competition and false designation, occurred in this District.

## FACTUAL BACKGROUND AS TO CLARK CAPITAL'S BUSINESS AND ITS INTELLECTUAL PROPERTY

15.     Clark Capital is an independent asset management firm that provides financial counseling and planning services, including, but not limited to, investment advisory services, investment counseling, wealth management, asset allocation, and retirement planning services to its customers, such as individuals, corporations, and institutions throughout the United States  (the aforementioned products and services shall collectively be referred as the "Clark Capital Financial Services").

16.    Clark Capital has adopted and continuously and exclusively used numerous trademarks comprising of or incorporating the term "NAVIGATOR" since at least as early as March 10, 1987, and Clark Capital owns numerous U.S. trademark registrations comprising of or incorporating "NAVIGATOR" in connection with the Clark Capital Financial Services.

17.    On September 21, 1990, Clark Capital filed an application for registration of the trademark NAVIGATOR® with the United States Patent and Trademark Office ("USPTO") in connection with "investment advisory services in the field of stocks and mutual funds" in Class 036, with a date of first use at least as early as March 10, 1987.    On October 29, 1991 the USPTO registered the NAVIGATOR® Mark on the Principal Register (U.S. Reg. No. 1,662,756).  *See* Exhibit 1.  By virtue of Clark Capital's continuous use of the NAVIGATOR® Mark over the last thirty plus (30+) years, the Mark has attained incontestable status.

18.    On July 10, 1998, Clark Capital filed an application for registration of the trademark NAVIGATOR FUND® with the USPTO in connection with "investment advisory services in the field of stocks and mutual funds" in Class 036, with a date of first use at least as early as April 1, 2002.  On October 22, 2002 the USPTO registered the NAVIGATOR FUND® Mark on the Principal Register (U.S. Reg. No. 2,639,961).  *See* Exhibit 2.  By virtue of Clark Capital's continuous use of

the NAVIGATOR FUND® Mark over the last twenty plus (20+) years, the Mark has attained incontestable status.

19.    On March 4, 2009, Clark Capital filed an application for registration of the trademark NAVIGATOR® with the USPTO in connection with, *inter alia*, "investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services" in Class 036, with a date of first use at least as early as March 10, 1987.  On October 20, 2009 the USPTO registered the NAVIGATOR ® Mark in connection with the aforementioned services on the Principal Register (U.S. Reg. No. 3,698,185).  *See* Exhibit 3.  By virtue of Clark Capital's continuous use of the NAVIGATOR® Mark since its registration, the Mark has attained incontestable status.

20.    On September 12, 2008, Clark Capital filed an application for registration of the design and word mark *navigator* ® with the USPTO in connection with, *inter alia*, "investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services" in Class 036, with a date of first use at least as early as January 2, 2006.   On April 21, 2009 the USPTO registered the *navigator* ® Mark on the Principal Register (U.S. Reg. No. 3,608,683).  *See*

6

Exhibit 4.  By virtue of Clark Capital's continuous use of the *navigator* ®
Mark since its registration, the Mark has attained incontestable status.

21.    Clark Capital's NAVIGATOR® Marks are distinctive and exclusive source-identifiers for Clark Capital's financial goods and services.  Since 1987, Clark Capital has expanded its use of the term "NAVIGATOR" and the NAVIGATOR® Marks have acquired substantial and invaluable goodwill in connection therewith.

22.    Clark Capital owns all rights, titles and interests in and to the NAVIGATOR® Marks, including the registrations for those Marks.  Clark Capital is the exclusive owner of any and all federal, state and common law rights and goodwill associated with the NAVIGATOR® Marks.

23.    Through its widespread, continuous, and exclusive use of the NAVIGATOR® Marks to identify the Clark Capital Financial Services and Clark Capital as their source, Clark Capital's NAVIGATOR® Marks have become well-known throughout the financial planning and wealth management industry.

24.    Clark Capital has expended significant time, money, and resources marketing, advertising, and promoting its financial planning and wealth management services under the NAVIGATOR® Marks.

25.    The market success of the Clark Capital Financial Services offered under the NAVIGATOR® Marks has been extraordinary, and the relevant public

has come to rely upon and recognize the Clark Capital Financial Services in connection with Clark Capital's NAVIGATOR® Marks.

26.     Clark Capital has vigorously policed and defended its NAVIGATOR® Marks against infringers and potential infringers.  Clark Capital has filed numerous Opposition proceedings with the Trademark Trial and Appeal Board ("TTAB") to prevent the registration of conflicting marks and/or marks that would lead to a likelihood of confusion with the NAVIGATOR® Marks.  Clark Capital has also filed suit in federal district court on numerous occasions in order to protect its NAVIGATOR® Marks.

## FACTUAL BACKGROUND AS TO AVIOR WEALTH'S UNLAWFUL CONDUCT

27.     Avior Wealth is a competitor of Clark Capital in the financial counseling and planning services industry.

28.     Upon information and belief, Avior Wealth has engaged in substantial and not isolated activity for pecuniary benefit in the State of Florida, including within this District, for the last ten plus (10+) years.  Upon information and belief, Avior Wealth has and has had a significant number of clients in the State of Florida and it generates a significant amount of revenue in Florida.

29.     Avior Wealth has an office located in this District and purposely and intentionally solicits, customers, potential customers and the general public in the State of Florida, including in this District, as well as provides services to customers

8

in this District. *See* Exhibit 5. In fact, Avior Wealth touts how "*[Avior Wealth is] able to construct personalized plans that help Florida residents* reach their highest goals for themselves and their loved ones" and how "[y]ou won't find a more diligent, more thoughtful collection of fiduciary advisors in Jacksonville, FL." *Id*. (emphasis added). Furthermore, Avior Wealth has a Florida-specific email address – jacksonvillebeach.fl@aviorwealth.com – where customers and potential customers located in Florida can contact Avior Wealth regarding its services. *Id*.

30.  Clark Capital recently became aware that Avior Wealth is using, and/or is planning to use, the terms THE AVIOR NAVIGATOR and AVIOR WEALTH NAVIGATOR (the "Infringing NAVIGATOR Marks") in connection with services that are identical to the Clark Capital Financial Services, including but not limited to, financial planning, investment advisory and wealth management services.

31.  On December 21, 2022, Avior Wealth filed an application for registration of the trademark AVIOR WEALTH NAVIGATOR with the USPTO in connection with "financial services, namely, wealth management services" in Class 036 (U.S. App. No. 97/727,372) (the "Infringing NAVIGATOR Application"). *See* Exhibit 6. The Infringing NAVIGATOR Application was filed on an intent-to-use basis pursuant to Section 1(b). *Id*. In furtherance of Avior Wealth's filing of the Infringing NAVIGATOR Application, Avior Wealth submitted a sworn statement

in the Application that it has a good faith, bona fide intention to use the Infringing AVIOR WEALTH NAVIGATOR Mark in commerce.

32.     In or about the fall of 2023, Avior Wealth modified its website and prominently added a link consisting of the Infringing Mark for THE AVIATOR NAVIGATOR and established a specific webpage for its website with the domain https://aviorwealth.com/the-avior-navigator/ (the "Infringing NAVIGATOR Domain"), through which it advertises its financial wealth management services in connection with the Infringing NAVIGATOR Marks.  *See* Exhibit 7.

33.     Avior Wealth's Infringing NAVIGATOR Domain is accessible by customers, potential customers and the general public in the State of Florida, including in this District, and Avior Wealth purposely and intentionally solicits customers and potential customers in the State of Florida and in this District, including through the use of the Infringing NAVIGATOR Marks.  *See* Exhibits 6 & 7.

34.     Avior Wealth's Infringing NAVIGATOR Marks are confusingly similar in sound, appearance, and overall commercial impression to Clark Capital's NAVIGATOR® Marks.

35.     Avior Wealth offers identical financial planning, wealth management and investment advisory services to those Clark Capital offers in connection with its NAVIGATOR® Marks, and in the same or similar channels of trade.

36.    In light of Clark Capital's continued use of NAVIGATOR® dating back to at least as early as 1987 and its numerous federal registrations for the NAVIGATOR® Marks, the NAVIGATOR® Marks have priority over Avior Wealth's Infringing NAVIGATOR Marks.  In fact, Clark Capital's date of first use for each of the NAVIGATOR® Marks in interstate commerce predates Avior Wealth's formation and incorporation in 2008.

37.    Upon information and belief, given Clark Capital's significant, longstanding, continuous and exclusive use of the NAVIGATOR® Marks, Avior Wealth had knowledge of the existence of and Clark Capital's use and ownership of, the NAVIGATOR® Marks in connection with the Clark Capital Financial Services, prior to Avior Wealth's adoption of the Infringing NAVIGATOR Marks and the filing of the Infringing NAVIGATOR Application.

38.    On November 14, 2023, Clark Capital sent a letter to Avior Wealth that advised Avior Wealth of Clark Capital's rights in, and ownership of, the NAVIGATOR® Marks (the "Letter").  *See* Exhibit 8.  In the Letter, Clark Capital informed Avior Wealth that consumers are likely to confuse Avior Wealth's use and/or potential use of the Infringing NAVIGATOR Marks with Clark Capital's use of its NAVIGATOR® Marks, and requested that Avior Wealth cease all use of the term NAVIGATOR in connection with the Clark Capital Financial Services,

including the Infringing THE AVIOR NAVIGATOR and AVIOR WEALTH NAVIGATOR Marks and any similar variations thereof.  *Id.*

39.    On November 21, 2023, Avior Wealth responded to the Letter, wherein it disingenuously claimed that any likelihood of confusion between the NAVIGATOR® Marks and the Infringing NAVIGATOR Marks was improbable and that it would be "unnecessary and burdensome for [it] [] to cease or restrict use of its [Infringing] marks." *See* Exhibit 9.

40.    Despite Avior Wealth's actual knowledge of its infringement of the NAVIGATOR® Marks, Avior Wealth has failed to cease its infringing activities and continues to use the Infringing NAVIGATOR Marks in connection with the Clark Capital Financial Services.

41.    On December 7, 2023, Clark Capital instituted opposition proceedings with the TTAB opposing the registration of Avior Wealth's Infringing NAVIGATOR Application (Opp. No. 91,288,657).  Those proceedings remain pending, although Clark Capital intends upon filing a motion to stay those proceedings pending the resolution of this litigation.

42.    Clark Capital's NAVIGATOR® Marks, as well as the Registrations for those Marks, are valid and Clark Capital has the exclusive right to use those Marks. Avior Wealth is not affiliated with Clark Capital nor its NAVIGATOR® Marks in any way.  Avior Wealth is not a licensee of, nor is otherwise authorized to use, the

NAVIGATOR® Marks nor the confusingly similar Infringing NAVIGATOR Marks.

43.     Avior Wealth's use of the Infringing NAVIGATOR Marks, including but not limited to its prominent and conspicuous use of the Infringing NAVIGATOR Marks on its website, in connection with financial planning, wealth management and investment advisory services, has infringed upon, and continues to infringe upon, Clark Capital's NAVIGATOR® Marks.

44.     Avior Wealth's use of the Infringing NAVIGATOR Marks is likely to cause confusion with Clark Capital's NAVIGATOR® Marks in the industry and amongst the consuming public, if it has not done so already.

45.     As of the filing of this action, Avior Wealth has made no attempts to discontinue its use of the Infringing NAVIGATOR Marks, nor its infringement of the NAVIGATOR® Marks.

46.     Unless restrained, Avior Wealth's unauthorized and unlawful use of the Infringing NAVIGATOR Marks will continue to cause Clark Capital harm, including, but not limited to, irreparable harm for which there is no adequate remedy at law.

## COUNT 1 - FEDERAL TRADEMARK INFRINGEMENT

47.     Clark Capital repeats and re-alleges, and incorporates by reference, the allegations in paragraphs 1 to 46 as though they were fully set forth herein.

13

48.     Clark Capital is the owner of the NAVIGATOR® Marks, as well as the federal trademark registrations for the NAVIGATOR® Marks.  *See* Exhibits 1-4. These federal trademark registrations are evidence of Clark Capital's exclusive right to use the NAVIGATOR® Marks in connection with the Clark Capital Financial Services. *Id.*

49.     Clark Capital's NAVIGATOR® Marks have acquired incontestable status.  Thus, the registrations for these marks shall be conclusive evidence of the validity of the registered marks, of Clark Capital's ownership of the marks, and of Clark Capital's exclusive right to use the registered marks in commerce in connection with the Clark Capital Financial Services.  *See* 15 U.S.C. §1115.

50.     The NAVIGATOR® Marks are distinctive in connection with the Clark Capital Financial Services for both the consuming public, as well as those within the financial planning and wealth management industry.

51.     Clark Capital's well-known NAVIGATOR® Marks and Infringing NAVIGATOR Marks are similar in sound, appearance, and meaning.  The marks create the same commercial impression and are confusingly similar.

52.     Avior Wealth's Infringing NAVIGATOR Marks wholly encompass Clark Capital's NAVIGATOR® Mark and are thus similar in appearance, sound, and meaning.

14

53.    Avior Wealth provides and/or will provide financial planning and wealth management services in connection with the Infringing NAVIGATOR Marks.  These services directly overlap with the Clark Capital Financial Services, which include financial planning, wealth management and investment advisory services.

54.    Avior Wealth's use of the Infringing NAVIGATOR Marks for such identical services will likely lead to confusion, mistake, or deception of the public and will otherwise cause injury and damage to Clark Capital and its NAVIGATOR® Marks, as well as its goodwill and reputation, and may have done so already.

55.    Avior Wealth has infringed upon Clark Capital's NAVIGATOR® Marks in interstate commerce by various acts, including its use of the Infringing NAVIGATOR Marks in connection with identical and/or closely related services.

56.    The activities of Avior Wealth complained of herein constitute willful and intentional infringement of Clark Capital's federally registered NAVIGATOR® Marks, in derogation of Clark Capital's rights.  Acts of infringement commenced and have continued despite Avior Wealth's knowledge that its use of the Infringing NAVIGATOR Marks was and is in contravention of Clark Capital's trademark rights.

57.    Clark Capital has not given consent directly or indirectly to Avior Wealth to use the NAVIGATOR® Marks, nor any mark similar thereto.

58.     Avior Wealth's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its NAVIGATOR® Marks and in its business, reputation, and goodwill.

59.     Avior Wealth's actions constitute knowing, deliberate and willful infringement of Clark Capital's federally registered NAVIGATOR® Marks.  The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C § 1117(a)-(b).  As such, Clark Capital is entitled to its attorneys' fees and the costs of this action, as well as treble damages for Avior Wealth's use of an infringing mark.

60.     As a direct and proximate result of Avior Wealth's infringement, Clark Capital has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Clark Capital in its NAVIGATOR® Marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Clark Capital has no adequate remedy at law.  Clark Capital will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## COUNT 2 - FEDERAL UNFAIR COMPETITION PER SECTION 43(a) OF THE LANHAM ACT SECTION 15 U.S.C. § 1125(a)

61.     Clark Capital repeats and re-alleges, and incorporates by reference, the allegations in paragraphs 1 to 46 as though they were fully set forth herein.

16

62.     Clark Capital is the owner of the NAVIGATOR® Marks, including all common law rights and interests thereto.  Clark Capital's rights and interests in and to the NAVIGATOR® Marks have priority over Defendant's Infringing NAVIGATOR Marks.

63.     Clark Capital's incontestable NAVIGATOR® Marks are distinctive and have meaning and significance in the minds of the relevant public.

64.     Clark Capital and Avior Wealth are competitors, and both offer the same financial services, namely financial planning, wealth management and investment advisory services.

65.     Avior Wealth adopted and used, and/or plans to use, the Infringing NAVIGATOR Marks in connection with identical services, including use in association with financial planning, wealth management, and investment advisory services, long after Clark Capital's adoption and use of its NAVIGATOR® Marks in connection with the Clark Capital Financial Services.

66.     Avior Wealth's use of the confusingly similar Infringing NAVIGATOR Marks in connection with its services, is misleading to consumers, and is likely to cause confusion or mistake, or to deceive, as to: (1) the affiliation, connection, or association of Avior Wealth with Clark Capital; (2) the origin, sponsorship, or approval of the services or products Clark Capital sells under the NAVIGATOR® Marks; and/or (3) the origin, sponsorship or approval of services or

17

products Avior Wealth sells and/or will sell in connection with the Infringing NAVIGATOR Marks.

67.    Avior Wealth's activities are likely to cause great harm to Clark Capital's reputation and goodwill, if they have not done so already.

68.    Avior Wealth has unfairly competed with Clark Capital's NAVIGATOR® Marks in interstate commerce by various acts, including using and adopting and/or intending upon using the Infringing NAVIGATOR Marks in connection with services identical to the Clark Capital Financial Services.  This unauthorized use by Avior Wealth constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.    The activities of Avior Wealth complained of herein constitute a willful and intentional tort, in derogation of Clark Capital's rights.  Acts of unfair competition commenced and have continued despite Avior Wealth's knowledge that the use of the Infringing NAVIGATOR Marks in connection with its financial planning, wealth management, and investment advisory services, was and is in contravention of Clark Capital's rights.

70.    Clark Capital has not given consent directly or indirectly to Avior Wealth to use the NAVIGATOR® Marks or the Infringing NAVIGATOR Marks,

or any mark similar thereto, in the manner in which Avior Wealth is using or intends to use such marks.

71.    Avior Wealth's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Clark Capital in its NAVIGATOR® Marks and in its business, reputation, and goodwill.  As such, Clark Capital seeks preliminary and permanent injunctive relief to prevent any further irreparable harm as a result of Avior Wealth's use of the Infringing NAVIGATOR Marks.

72.    Clark Capital is entitled to all the remedies available under the Lanham Act (*e.g.,* 15 U.S.C. §1117), including, but not limited to: injunctive relief; compensatory damages to be proven at trial; an accounting of Defendant's profits and disgorgement of same; and reasonable attorneys' fees due to the exceptional nature of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Clark Capital respectfully requests that the Court enter an Order and Judgment as follows:

1.    That the Court issue preliminary and permanent injunctive relief against Avior Wealth, and that Avior Wealth, its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Avior Wealth, be (individually and collectively) preliminarily and permanently enjoined and restrained from making any further infringing use of the

NAVIGATOR® Marks, and Avior Wealth's Infringing NAVIGATOR Marks, and any colorable imitation thereof on or in connection with the Clark Capital Financial Services, as well as any products related to such services;

2.     That the Court issue preliminary and permanent injunctive relief against Avior Wealth, and that Avior Wealth, its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Avior Wealth, be (individually and collectively) preliminarily and permanently enjoined and restrained from registering, maintaining and/or making any use of the Infringing NAVIGATOR Domain and any other domain name that incorporates the NAVIGATOR® Marks, or a colorable imitation thereof;

3.     That the Court order Avior Wealth to pay Clark Capital's damages and disgorge Avior Wealth's profits obtained in connection with the Infringing NAVIGATOR Marks;

4.     That the Court order Avior Wealth to pay Clark Capital's exemplary and treble damages pursuant to 15 U.S.C. §1117;

5.     That the Court order Avior Wealth to pay Clark Capital's reasonable attorney's fees incurred as a result of Avior Wealth's trademark infringement and unfair competition;

6.     That the Court Order Avior Wealth to destroy or deliver up for destruction, at Avior Wealth's expense, all catalogs, web site materials, literature,

brochures, quotes, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Avior Wealth that use the Infringing NAVIGATOR Marks or any other marks or designations similar to any Clark Capital's NAVIGATOR® Marks; and

7.     That the Court grant Clark Capital such other further relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  December 14, 2023                    Respectfully submitted,

COZEN O'CONNOR

By: */s/ Jonathan E. Gale*
    Jonathan E. Gale

Jonathan E. Gale / FBN 106938
E-mail:  jegale@cozen.com
COZEN O'CONNOR
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
Telephone: 305-397-0819
Camille M. Miller / PA Bar No. 79670
(*Special Admission Forthcoming*)
E-mail:  cmiller@cozen.com
Melanie A. Miller / PA Bar No. 73499
(*Special Admission Forthcoming*)
E-mail:  mmiller@cozen.com
Anna Pedraza / PA Bar No. 332479
(*Special Admission Forthcoming*)
E-mail:  apedraza@cozen.com

*Counsel for Plaintiff Clark Capital Management Group, Inc.*