# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CLARK CAPITAL MANAGEMENT
GROUP, INC.

      Plaintiff,

v.                               Case No.: 3:23-cv-01467

AVIOR WEALTH MANAGEMENT,
LLC

      Defendant.

_____/

## MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant, Avior Wealth Management, LLC ("Avior"), submits this memorandum in opposition to Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant's Motion to Dismiss (D.E. 50). Plaintiff's motion should be denied.

## Legal Standard

"Reconsideration of a previous order is an extraordinary remedy." *Pratt v. Gov't Employees Ins. Co.*, Case No. 8:18-cv-1607-CEH-AEP, 2023 WL 6809764, at *2 (M.D. Fla. October 16, 2023) (quoting *Ludwig v. Liberty Mutual Fire Ins. Co.*, Case No. 8:03-cv-2378-T-17-MAP, 2005 WL 1053691, at *3 (M.D. Fla. March 30, 2005)). As a result, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice'

demand correction." *Pratt,* 2023 WL 6809764, at *2 (quoting *Prudential Sec., Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996)).

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Pratt,* 2023 WL 6809764, at *2, (quoting *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007)). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (ii) the need to correct clear error or manifest injustice. *Pratt,* 2023 WL 6809764, at *2, (quoting *True v. Comm'r of the I.R.S.*, 108 F. Supp. 2d 1361, 1365 (M.D. Fla. 2000)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274 1287 (11th Cir. 2021) ("The only grounds for granting [a reconsideration] motion are newly-discovered evidence or manifest errors of law or fact.").

"A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005)); *Hammond v Canady*, Case No. 8:21-cv-1658-CEH-MRM, 2022 WL 16923583, at *1 (M.D. Fla. November 14, 2022) (a motion for

reconsideration should not be used to present the Court with arguments "that could have been presented prior to the entry of judgment").

## Analysis

Plaintiff's principal argument in favor of reconsideration is that, because Avior has applied for its own trademark for "Avior Wealth Navigator," "that trademark use cannot be fair use." (D.E. 50, p. 5). This argument fails for two reasons: (1) it was never raised in opposition to Avior's motion to dismiss; and (2) it is legally incorrect in any event because Avior specifically disclaimed any rights to the phrase "Wealth Navigator" during the course of its trademark application proceedings. Each ground is discussed below.

### A.    Failure to Raise the Argument in Opposition to the Motion to Dismiss

First, Plaintiff at no time made its novel argument regarding the pendency of Avior's trademark application in opposition to Avior's motion to dismiss. (*See* D.E. 16). Plaintiff's motion for reconsideration reads as if Plaintiff just found out that Avior applied for a trademark. This is not the case. Plaintiff opposed Avior's application before the Patent and Trademark Office ("PTO") and the PTO proceedings were stayed pending resolution of this case. (Exhibit

A attached).[1]  Thus, Plaintiff was well aware of Avior's trademark application when it filed its opposition to the motion to dismiss, but did not address it.

Nevertheless, Plaintiff now makes that argument (unsupported by any authority) for the first time in its motion for reconsideration.  (*See* D.E. 50, p. 5).  As noted, it is inappropriate to raise arguments for the first time in a motion for reconsideration that could have been raised prior to the entry of judgment.  *Wilchombe*, 555 F.3d at 957.  The motion should be denied on this basis.[2]

## B.    The New Argument is Legally Incorrect

Second, Plaintiff's novel argument regarding the pendency of the trademark application is incorrect in any event.  The argument ignores the fact that Avior specifically disclaimed any rights to the phrase "Wealth Navigator" as part of the trademark application process.  (*See* Exhibit B attached).  The effect of such a disclaimer is to concede  that the disclaimed terms are descriptive and thus not registrable.  *See* 3 *McCarthy on Trademarks and Unfair Competition*, § 19:65 (West 2008) ("A disclaimer of part of a composite is a concession that that part is descriptive.  By disclaiming a word, an applicant admits descriptiveness,

---

[1] As acknowledged by Plaintiff (D.E. 50, p. 7 n. 1), this Court is permitted to take judicial notice of matters of public record.  *See* Fed. R. Evid. 201.

[2] It is worth noting that Plaintiff's counsel did not meet and confer with Avior's counsel before filing the motion, as required by Local Rule 3.01(g).  This is yet another basis for denying the motion.

justifying giving less weight to that word in determining likelihood of confusion."); *In re Trademark Application of MCI Communications Corp.*, 21 USPQ2d 1534, 1537 (1991) ("The purpose of a disclaimer is to show that the applicant is not making claim to exclusive appropriation of such matter except in precise relation and association in which it appears in drawing and description.") (citation omitted). Thus, Avior's disclaimer wholly undermines Plaintiff's argument that Avior cannot avail itself of the fair use defense by demonstrating descriptive use of that phrase.

The Seventh Circuit Court of Appeals rejected virtually the identical argument advanced by Plaintiff, under remarkably similar facts, in *Sportfuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589 (7th Cir. 2019). There, the plaintiff held two registered trademarks for the term "SportFuel." *Id.* at 594. The plaintiff sued PepsiCo, the parent company of Gatorade, for trademark infringement based upon Gatorade's use of the phrase "The Sports Fuel Company" in its advertising. Notably, as in this case, Gatorade applied for trademark protection for the phrase "Gatorade The Sports Fuel Company," but specifically disclaimed the exclusive use of "The Sports Fuel Company" before the PTO. *Id.*

As in this case, the district court concluded that Gatorade's use of the phrase "Sports Fuel" was a fair use. *Id.* The Seventh Circuit affirmed. In doing

so, the court specifically relied on the fact that Gatorade disclaimed exclusive use of the phrase "The Sports Fuel Company" in its trademark application. *Id.* at 598. In light of that disclaimer, and again as in this case, the court further held that Gatorade used the phrase "Sports Fuel" descriptively, and thus the district court properly ruled in its favor as to the fair use defense.[3] *Id.* at 600.

*Sportsfuel* is on point and wholly undermines Plaintiff's novel argument that Avior's trademark application somehow precludes application of the fair use defense. As in *Sportsfuel*, Avior specifically disclaimed exclusive rights to the phrase "Wealth Navigator" in its trademark application. This means that Avior is free to use the phrase in its descriptive sense. As this Court properly concluded that it precisely what it has done. (*See* D.E. 47, p. 11) ("Avior is using the "NAVIGATOR" mark to describe the services it provides and to impart information about Avior's financial planning services."). Contrary to Plaintiff's suggestions, there is no "black letter rule" that party seeking trademark protection cannot invoke the fair use defense, especially where it has specifically disclaimed any rights to the descriptive phrase.

In summary, Plaintiff's entire argument is premised on a literalist interpretation of what it means to use a term in its trademark sense. Because

---

[3] The *SportFuel* court also relied on the fact that Gatorade's name appeared in the allegedly infringing phrase "Gatorade The Sports Fuel Company." *SportFuel*, 932 F.3d at 598. The same is true here.

Avior has applied for a trademark which includes the term "Navigator," Plaintiff argues, that term is necessarily used in a trademark sense. This is incorrect. A term is used in its trademark sense when its purpose is to designate source or origin. 15 U.S.C. § 1127. The term "Navigator" appears in the phrase "Avior Wealth Navigator." As such, the use of "Navigator" in the entire phrase must be considered. When it is, the presence of Avior's company name, in conjunction with the express disclaimer of "Navigator," "minimize[s] the risk that the term will be understood in its trademark sense," *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 925 F. Supp. 2d 1067, 1076 (C.D. Cal. 2012) (quoting *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1040 (9th Cir. 2010)). In other words, as this Court properly found, the term "Avior" in the phrase is clearly the source identifier and "Navigator" is used in a non-trademark, descriptive sense. For these reasons, Plaintiff's novel, legally unsupported argument should be denied.

### C.    Plaintiff's Remaining Arguments

Plaintiff's remaining arguments at pages 8-13 are simply re-arguments of the points made in opposition to the motion to dismiss and are not a basis for reconsideration. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir 2009) ("A motion for reconsideration cannot be used to 'relitigate old matters'").

For instance, Plaintiff contends that, in its Order, this Court improperly relied upon summary judgment cases in reaching its decision (D.E. 50, pp. 8-10), improperly made factual determinations about the descriptive nature of Avior's use of "Navigator" (D.E. 50, pp. 10-11), and improperly discounted the strength of Plaintiff's incontestable mark (D.E. 50, pp. 11-12). Plaintiff is incorrect on all grounds.

First, while this Court did draw from summary judgment case law, it also cited cases that granted motions to dismiss on fair use grounds. *E.g.*, *Se. Clinical Nutrition Centers, Inc. v. Mayo Found. for Med. Educ. & Rsch.*, 135 F. Supp. 3d 1267 (N.D. Ga. 2013); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 606 (6th Cir. 2009). These cases made near-identical factual determinations as those cases Plaintiff claims are inapposite.

And second, Plaintiff's claim that its incontestable registrations impact the fair use determination is incorrect. Plaintiff supports its claim with a citation to *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 205 (1985), which merely states that "the holder of a registered mark may rely on incontestability to enjoin infringement and that such an action may not be defended on the grounds that the mark is merely descriptive." Importantly, the fair use determination – which is not at issue in *Park 'N Fly* – does not turn on the strength or character of Plaintiff's mark, but on Avior's use of the trademarked term, which this Court

properly concluded was descriptive.  *See DowBrands, L.P. v. Helene Curtis, Inc.*, 863 F. Supp. 963, 968-69 (D. Minn. 1994) (concluding that the fair use defense is available against all incontestable registered marks and that the applicability of the defense depends solely on the nature of the use being charged as an infringement).

For the above reasons, Plaintiff's motion should be denied.

Respectfully Submitted,

AUSLEY & McMULLEN, P.A.

By: */s/ Martin B. Sipple*
Martin B. Sipple
Florida Bar No. 0135399
Nicholas A. Caron
Florida Bar No. 1049495
123 South Calhoun Street
Tallahassee, Florida 32301
(850) 224 9115 (telephone)
(850) 222 7560 (facsimile)
mispple@ausley.com
ncaron@ausley.com

SUITER SWANTZ, PC LLO
Chad W. Swantz (NE Bar #21788)
Nicholas R. Grennan (NE Bar #23928)
14301 FNB Pkwy, #220
Omaha, Nebraska 68154
(402) 496-0300 – telephone
cws@suiter.com
nrg@suiter.com

*Attorneys for Defendant Avior Wealth Management, LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was served via the Court's ECF system the <u>11th</u> day of September, 2024, to:

Jonathan E. Gale
Camille M. Miller
Melanie A. Miller
COZEN O'CONNOR
200 South Biscayne Blvd., Suite 3000
Miami, Florida 33131
jegale@cozen.com
cmiller@cozen.com
mmiller@cozen.com


                                        /s/Martin B. Sipple
                                        Attorney